UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | Case No. |
| vs. ) ) | |
| MID-AMERICA MENTAL HEALTH LLC, ) DAUD RASHIDI, and ) JANE DOE, ) ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Plaintiff, Mid-Century Insurance Company, by counsel, and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 201 and Fed. Rule of Civil Procedure 57, states as follows:

**I. JURISDICTION AND VENUE**

1.  Mid-Century Insurance Company (hereinafter "Mid-Century") is an insurance company domiciled in California with its principal place of business located in Woodland Hills, California, and it is duly licensed to do business in the state of Indiana. Mid-Century is a citizen of the state of California.

2.  Mid-America Mental Health LLC ("Mid-America") is an Indiana limited liability company with its principal place of business at 9335 Calumet Ave, Munster Indiana. Its sole member is Sidarth Singh, who is a resident and citizen of Lake County, Indiana. Mid-America is a citizen of Indiana.

3.  Daud Rashidi ("Rashidi") is a resident and citizen of Munster, Indiana.

{02385391- }

4. Jane Doe ("Doe") is a resident and citizen of Lake County, Indiana.

5. The amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Jurisdiction in this Court is based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because Plaintiff, Mid-Century is a citizen of California and defendants are citizens of Indiana.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this district and the events giving rise to the action occurred in this district.

## II. FACTUAL BACKGROUND

8. Doe was in the care of Mid-America from approximately February 2018 to approximately June 2020 for treatment of opioid dependence.

9. During the time that Doe was a patient at and in the care of Mid-America from approximately February 2018 to approximately June 2020, Doe had appointments at Mid America approximately every two weeks for follow ups and to obtain refills on her suboxone medication.

10. Rashidi was a Physician Assistant employed by Mid-America who provided treatment and prescriptions to Doe.

11. On or about December 23, 2021, Doe filed a Complaint ("the Complaint") against Rashidi and Mid-America in the Lake County Circuit Court, where it is pending as cause number 45C01-2112-CT-001246.

12. A true and accurate copy of the Complaint is attached as Exhibit 1.

13. Doe alleges that while she was a patient of Mid-America and Rashidi, Rashidi raped her, assaulted her, and forced her to have sexual relations with him by threatening that if she did not, he would stop prescribing the medication that she needed as treatment for her opioid dependence.

14. Doe claims that Rashidi was acting as an employee of Mid America in connection with the care and treatment he provided to Doe and was acting in the course and scope of his employment when he sexually assaulted and battered her.

15. Doe claims Rashidi came to her home and threatened that if she refused to go with him to Motel 6 to be raped, he would stop prescribing the medication she needed.

16. Doe claims Rashidi's rape and sodomy of her occurred over several months until approximately June of 2020.

17. Mid-Century issued a Businessowners Liability Policy No. 60662-52-15 ("the Policy") to Mid-America Mental Health, LLC for the period April 11, 2018 to April 11, 2019. The Policy was renewed for the periods April 11, 2019 to April 11, 2020 and April 11, 2020 to April 11, 2021 with the same material terms and conditions.

18. A true, accurate and complete copy of the Policy is attached hereto as Exhibit 2.

19. Among others, the Policy contained the following provisions:

   **A.**   **Coverages**
       **1.**   **Business Liability**
           **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", "personal injury", or "advertising injury" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
               **(1)** The amount we will pay for damages is limited as described in Section **D** - Liability And Medical Expenses Limits Of Insurance; and
               **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.

> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension – Supplementary Payments.
>
> \*\*\*
>
> **b.** This insurance applies:
> **(1)** To "bodily injury" and "property damage" only if:
>   **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>   **(b)** The "bodily injury" or "property damage" occurs during the policy period.
> **(2)** To:
>   **(a)** "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;
>   **(b)** "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;
>   but only if the offense was committed in the "coverage territory" during the policy period.
>
> \*\*\*
>
> **B.** **Exclusions**
>   **1.** **Applicable To Business Liability Coverage**
>    This insurance does not apply to:
>
>    **a. Expected Or Intended Injury**
>    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
>    \*\*\*
>
>    **j. Professional Services**
>    "Bodily injury", "property damage", "personal injury" or "advertising injury" due to rendering or failure to render any professional service.  This includes but is not limited to:
>    **(1)** Legal, accounting or advertising services;
>    **(2)** Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
>    **(3)** Supervisory, inspection or engineering services;

      **(4)** Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;
      **(5)** Any health or therapeutic service treatment, advice or instruction;

***

**C.**    **Who Is An Insured**
    **1.**    If you are designated in the Declarations as:

***

       **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

***

    **2.**    Each of the following is also an insured:
       **a.** Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:
       **(1)** "Bodily injury" or "personal injury":

***

       **(d)** Arising out of his or her providing or failing to provide professional health care services. However, if you have "employees" who are pharmacists in your retail druggist or drugstore operation, they are insured with respect to their providing or failing to provide professional health care services; or

***

**F.**    **Liability and Medical Expense Definitions**

    **3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

**12.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

**Business Owners Common Policy Conditions**

\*\*\*

**H. Other Insurance**

1. If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.
2. Business Liability Coverage is excess over any other insurance that insures for direct physical loss or damage.
3. When this insurance is excess, we will have no duty under Business Liability Coverage to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so; but we will be entitled to the insured's rights against all those other insurers.

\*\*\*

### PERSONAL AND ADVERTISING INJURY COVERAGE AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:
BUSINESSOWNERS LIABILITY COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Businessowners Liability Coverage Form apply unless modified by the endorsement.

**A.** Paragraph **1. Business Liability** is amended as follows:
    **a.** Subparagraph **1.a.** is deleted and replaced with the following:
        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion,

     investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

**b.** Subparagraphs **1.b. (2)(a)** and **(b)** are deleted and replaced with the following:
 **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

**B.** The Subparagraph below Paragraph **B.1.j of Exclusions** is deleted and replaced with the following:

"Bodily injury", "property damage" or "personal and advertising injury" caused by the rendering or failure to render any professional service. This includes but is not limited to:

**C.** Paragraphs **B.1.p and q.** of **Exclusions** are deleted and replaced with following:
 **p.** **Personal And Advertising Injury**
  "Personal and advertising injury":
  **(1)** Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

      \*\*\*

  **(4)** Arising out of a criminal act committed by or at the direction of the insured;

      \*\*\*

**D.** Subparagraph **C.2.a.(1)** of **Who Is An Insured** is deleted and replaced with:
 **(1)** "Bodily Injury" or "personal and advertising injury":

**E.** Subparagraph **D.2.b.** of **Liability And Medical Expenses Limits Of Insurance** is deleted and replaced with:
 **b.** "Personal and advertising injury" sustained by any one person or organization;

**F.** Definitions **1.** "Advertising Injury", **13.** "Personal Injury" and **16.** "Suit" in Section **F. Liability And Medical Expenses Definitions** is amended as follows:

      \*\*\*

**2.** Subparagraph **13.** is deleted and replaced with:

**13.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
**a.** False arrest, detention or imprisonment;

\*\*\*

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### ABUSE OR MOLESTATION EXCLUSION

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY

This insurance does not apply to "bodily injury", "property damage", "advertising injury" or "personal injury" arising out of:
- **(a)** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
- **(b)** The negligent:
  - **(i)** Employment;
  - **(ii)** Investigation;
  - **(iii)** Supervision;
  - **(iv)** Reporting to the proper authorities, or failure to so report; or
  - **(v)** Retention:

  of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **(a)** above.

\*\*\*

### MULTIPLE OR ENHANCED DAMAGES EXCLUSION
This endorsement modifies insurance provided under the following:
**BUSINESSOWNERS LIABILITY COVERAGE FORM**
The following exclusions are added to Section B. Exclusions
\*\*\*
This insurance does not apply to:
**r. Multiple or Enhanced Dames Because of "Bodily Injury", "Property Damage" or Personal and Advertising Injury."**

The enhanced or multiple amount of damages awarded against any insured including, but not limited to double or treble damages, whether or not awarded as compensation, because of "bodily injury", "property damages" or "personal and advertising injury".

**s. Taxes, Fines or Penalties**

Taxes, fines or penalties that are awarded or imposed against any insured.

20. The Policy contains additional terms, conditions, and language not quoted in this Complaint, the absence of which does not indicate any intent to waive any such terms, conditions or language.

### III. CLAIM FOR DECLARATORY JUDGMENT AGAINST DAUD RASHIDI

21. Mid-Century incorporates by reference as if fully set forth herein paragraphs 1 to 20.

22. There is no coverage under the Policy for Rashidi for Doe's claims because there was no occurrence from his standpoint.

23. There is no coverage under the Policy for Rashidi because Doe's injuries were expected or intended from his standpoint.

24. There is no coverage under the Policy for Rashidi because Doe's injuries were caused by Rashidi with knowledge that his acts would violate Doe's rights.

25. There is no coverage under the Policy for Rashidi because the "personal injury" to Doe arose from the willful violation of a penal statute committed by Rashidi.

26. There is no coverage under the Policy for Rashidi for injuries due to rendering or failure to render any professional service.

27. There is no coverage under the Policy for Rashidi because Doe's injuries arose out of abuse or molestation while she was in the care and control of any insured.

28. There is no coverage under the Policy for any liability Rashidi may have for punitive damages.

29. An actual controversy has arisen concerning whether there is coverage under the Policy for any liability Rashidi may have for the claims made by Jane Doe in the Complaint.

WHEREFORE, Defendant, Mid-Century Insurance Company, prays for a judgment declaring that:

1. There is no coverage under the Policy for any liability Daud Rashidi may have for the damages alleged in the Complaint filed by Jane Doe; and

2. Mid-Century has no duty to defend Daud Rashidi in the Complaint filed by Jane Doe; and

3. Mid-Century has no duty to indemnify Daud Rashidi for any liability he may have for the damages alleged in the Complaint filed by Jane Doe;

and for all other relief proper in the premises.

## IV. CLAIM FOR DECLARATORY JUDGMENT AGAINST MID-AMERICA

30. Mid-Century incorporates by reference as if fully set forth herein paragraphs 1 to 20.

31. There is no coverage under the Policy for Mid-America because Doe's injuries arose out of abuse or molestation while she was in the care and control of any insured.

32. There is no coverage under the Policy for Mid-America for claims for injuries due to rendering or failure to render any professional service.

33. There is no coverage under the Policy for any liability Mid-America may have for punitive damages.

34. An actual controversy has arisen concerning whether there is coverage under the Policy for any liability Mid-America may have for the claims made in the Complaint filed by Jane Doe.

WHEREFORE, Defendant, Mid-Century Insurance Company, prays for a declaratory judgment declaring that:

1. There is no coverage under the Policy for any liability Mid-America Mental Health LLC may have for the damages alleged in the Complaint filed by Jane Doe;

2. Mid-Century has no duty to defend Mid-America Mental Health LLC in the Complaint filed by Jane Doe; and

5. Mid-Century has no duty to indemnify Mid-America Mental Health LLC for any liability it may have for the damages alleged in the Complaint filed by Jane Doe;

and for all other relief proper in the premises.

Dated: <u>February 10, 2023</u>           Respectfully submitted,

*/s/ Laura S. Reed*
Laura S. Reed, Atty. No. 11652-49
RILEY BENNETT EGLOFF LLP
500 N. Meridian Street, Suite 550
Indianapolis, Indiana 46204
Phone: (317) 636-8000
Fax: (317) 636-8027
lreed@rbelaw.com

*Attorneys for Plaintiff,*
*Mid-Century Insurance Company*